HARDY, Judge.
This suit was instituted by plaintiff wife, praying for a separation from bed and board. As an incidental demand to the action plaintiff prayed for the allowance of alimony pendente lite, and on trial of rule nisi on this issue there was judgment granting plaintiff alimony pendente lite in the amount of $200.00 per month. In answer to the main demand defendant denied plaintiff’s right to a separation and asserted a reconventional demand for judgment of separation in his favor. Both the claim of the wife and the reconventional claim of the husband, each seeking judgment of separation, were denied. From the judgment granting plaintiff wife alimony pendente lite, the husband appealed suspensively. The wife appealed devolutively from the judgment rejecting her demand for separation. The judgment on the rule allowing alimony was rendered May 14, 1958, and the judgment rejecting the respective claims of the parties for a separation was rendered June 12, 1958.
Subsequent to the above proceedings the husband obtained judgment of absolute divorce on April 28, 1960, on the ground of two years separation, from which the defendant wife appealed suspensively. This appeal has been dismissed by action of this court on this date, 131 So.2d 68. It follows, in view of the judgment of divorce that the question of the correctness, vel non, of the judgment with reference to the separation has become moot. Accordingly, the only issue tendered by the appeal in this case relates to the claim of defendant husband seeking reversal of the judgment granting the plaintiff wife alimony pendente lite.
In support of his appeal the husband, defendant-appellant herein, contends that (1) the judgment for alimony was merely an incident to the suit for separation and necessarily fell when the judg *70 ment denying the separation was rendered; (2)the award of $200.00 per month was excessive, and (3) bills in substantial amounts charged to the husband for items purchased by the wife for the benefit of herself and her minor child by a former marriage should be considered as offsets against the allowance of alimony, or at least taken into consideration with reference to the amount thereof.
Disposing of the above defined claims, seriatim, we observe, first, that the question of the life of the judgment for alimony is not before us on this appeal, since this does not constitute an action which involves, directly or indirectly, an attempt to collect unpaid alimony. The record contains no showing that any alimony has ever been paid under the judgment and the fact that the husband prosecuted this appeal suspen-sively justifies the conclusion that no payments have been made.
As to the amount of the allowance, our examination of the record fails to sustain a conclusion of error with respect thereto. On trial of the rule it was established that the defendant husband had reported adjusted gross income, for Federal Income Tax purposes, in excess of $13,000.-00 for the year prior to the trial of the rule. This would clearly indicate the ability to pay the amount fixed, in the absence of circumstances which would require a diminution thereof, and we find no facts in the record which would allow such a conclusion.
As to the charges of allegedly excessive amounts made by the wife against the account of the husband, it is established by the record that these bills had not been paid, and, therefore, we do not observe that they are entitled to consideration.
Inasmuch as we find no error on the part of the trial judge in the amount allowed for alimony, pendente lite, the judgment appealed from in this respect is affirmed at the cost of defendant-appellant.